## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| LAPORCHA WOMACK | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 6:21-cv-359 |
| | ) | |
| MEDICAL DATA SYSTEMS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff LaPorcha Womack, by and through the undersigned counsel, and for her Complaint against Defendant, Medical Data Systems, Inc. ("MDS") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

### JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3.      Plaintiff resides in the city of Trinidad a part of Henderson County, Texas, 75163.

4.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Trinidad, a part of Henderson County, Texas 75163, making the Tyler Division a proper venue under 28 U.S. Code § 1391(b)(2).

5.      Defendant, a Florida corporation headquartered in Vero Beach, Florida, practices as a debt collector throughout the country, including Texas.

6.      Defendant attempts to collect alleged debts throughout the state of Texas, including in Trinidad city and Henderson county.

1

7.      Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

8.      Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Trinidad city and Henderson county and Defendant attempts to collect alleged debts throughout the state of Texas.

9.       Defendant knowingly attempted to collect on a debt allegedly incurred in Trinidad, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

10.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

11.     Defendant's collection activities violated the FDCPA.

12.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

13.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently

concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

14.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

15.     Plaintiff, LaPorcha Womack (hereafter "Plaintiff"), is a natural person currently residing in Trinidad, Texas.

16.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

17.     Defendant Medical Data Systems, Inc. is a Florida corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 2001 9th Avenue, Suite 312, Vero Beach, Florida 32960.

18.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

19.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20.     MDS is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

21.     MDS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

22.     Defendant MDS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

23.     Equifax Information Services, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Equifax Information Services, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

24.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than MDS.

25.     Upon information and belief, on a date better known by MDS, MDS began to attempt to collect an alleged consumer debt from the Plaintiff.

26.     On or about September 28, 2020, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

27.     The alleged debt was said to be a medical debt, and therefore would only have been incurred for personal or family purposes.

28.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     During the telephone call, Plaintiff stated that she wished to dispute the alleged debt.

31.     Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Equifax Information Services, LLC.

32.     MDS was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

33.     MDS's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

34.     On or about November 3, 2020, Plaintiff received an updated credit file from Equifax Information Services, LLC. **Exhibit A.**

35.     That the credit report was updated on October 25, 2020 and October 11, 2020, and by MDS.

36.     That the updated October 2020 credit report did not contain updated account information.

37.     That the updated October 2020 credit report did not contain updated marked as disputed information.

38.     That MDS furnished information to Equifax Information Services, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

39.     That MDS failed to update the account information and mark the account as disputed on the updated October 2020 credit report after Plaintiff disputed the account in September 2020.

40.     Upon information and belief, that MDS never updated the account information and never marked it as disputed even after receiving information of the dispute.

41.     All of MDS's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

42.     All of MDS's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

43.     Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the MDS.

44.     Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by MDS.

45.     Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by MDS.

46.     Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

47.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of MDS.

48.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

49.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

50.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51.     Because Plaintiff disputed the debt, MDS, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine

fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

52.     MDS used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

53.     MDS's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

54.     MDS violated the Plaintiff's right not to be the target of misleading debt collection communications.

55.     MDS violated the Plaintiff's right to a truthful and fair debt collection process.

56.     MDS's communications with Plaintiff were deceptive and misleading.

57.     MDS used unfair and unconscionable means to attempt to collect the alleged debt.

58.     MDS's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to MDS's collection efforts.

59.     MDS's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

60.     MDS's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

61.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

62.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MDS's conduct.

63.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. MDS's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

64.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

65.     Defendant MDS's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaPorcha Womack prays that this Court:

A.     Declare that MDS's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff LaPorcha Womack, and against MDS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

## Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse

66.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

67.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

68.     MDS's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

69.     MDS attempted to coerce Plaintiff into paying an alleged debt she otherwise would not have paid by submitting false and inaccurate information to her credit report.

70.     MDS could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless she paid the alleged debts.

71.     Defendant MDS's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaPorcha Womack, prays that this Court:

     A.     Declare that MDS's debt collection actions violate the FDCPA;

     B.     Enter judgment in favor of Plaintiff LaPorcha Womack, and against MDS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

     C.     Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices

72.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

73.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

74.     MDS attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

75.     MDS used unfair and unconscionable means to attempt to collect the alleged debt.

76.     MDS's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaPorcha Womack, prays that this Court:

     A.     Declare that MDS's debt collection actions violate the FDCPA;

     B.     Enter judgment in favor of Plaintiff LaPorcha Womack, and against MDS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

     C.     Grant other such further relief as deemed just and proper.

## Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute

77.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

78.     Defendant MDS violated 15 U.S.C. § 1681s-2(b) by continuing to report the MDS representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the MDS representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MDS representations to the consumer reporting agencies.

79.     As a result of this conduct, action and inaction of MDS, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80.     Defendant MDS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

81.     Plaintiff is entitled to recover costs and attorney's fees from MDS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LaPorcha Womack, prays that this Court:

A.     Declare that MDS's credit reporting actions violate the FCRA;

B.     Enter judgment in favor of Plaintiff LaPorcha Womack, and against MDS, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff LaPorcha Womack, and against MDS, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

82. Plaintiff demands a trial by jury on all Counts so triable.

Dated: September 10, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Halvorsen Klote
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*